# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAF-T-GARD INTERNATIONAL, INC., individually and on behalf of all other similarly situated, | ) Case No. 09 C 0776 ) ) **The Honorable Elaine E. Bucklo** |
| Plaintiffs, | ) **ORDER OF FINAL APPROVAL ON** ) **CLASS-ACTION SETTLEMENT** |
| v. | ) |
| SEIKO CORPORATION OF AMERICA, | ) |
| Defendant. | ) |

This matter came on for hearing on January 14, 2011. The Court has considered the Stipulation and Settlement Agreement (the "Stipulation"), pleadings filed with respect to the proposed settlement, the record in the consolidated actions that are settled pursuant to the Stipulation, the evidence presented, and the arguments and authorities presented by counsel. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court adopts the terms and definitions in Section I of the Stipulation, which are set forth in Exhibit A hereto.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Class Members.

3. The Court finds that the Class Notice and Published Notice provided to the persons in the Settlement Class pursuant to the Preliminary Approval Order and the Stipulation constitute the best notice practicable under the circumstances to all persons in the Settlement Class and fully complied with the requirements of due process of all applicable statutes and laws.

4. The Court hereby adopts and approves the Stipulation, and finds that it is in all respects fair, reasonable, adequate, just and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law, and in the best interests of the Parties and the Class Members.

5. Pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class as finally certified shall consist of:

> All persons or entities to whom Seiko sent facsimile transmissions that promoted or advertised Seiko's goods or services, including within the meaning of the federal Telephone Consumer Protection Act, between December 18, 2004 and [the date of preliminary approval], inclusive.

The class issue is whether Seiko's conduct concerning Facsimile Transmissions, as alleged in the operative complaint, violated the Telephone Consumer Protection Act, 42 U.S.C. § 227, or certain Illinois state laws.

- 1 -

6. This Court now finds and concludes that:

(a) the Class Members are so numerous that joinder of all of them would be impracticable;

(b) there are questions of law and fact common to the Class Members, which, as to the settlement and all related matters, predominate over any individual questions;

(c) the claims of the Plaintiff are typical of the claims of the Class Members;

(d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class Members at all times; and

(e) a class action is superior to other available methods for the fair and efficient adjudication of the Action, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7. Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses on the merits and with prejudice and without costs (except as otherwise provided in the Stipulation).

8. Class Counsel's motion for an award of attorneys' fees and expenses is approved in the amount of $1,155,000.00 and shall be paid by Seiko in the time and manner set forth in the Stipulation.

9. Class Counsel's motion for a class representative incentive award is approved in the amount of $12,000.00 and shall be paid by Seiko in the time and manner set forth in the Stipulation.

10. Seiko has filed documents with this Court to show compliance with 28 U.S.C. § 1715(b), which requires notification to the Attorney General of the United States and the

Attorney General of each state where a Class Member resides. The Court finds that Seiko has complied with this statute.

11. The Action, is dismissed with prejudice, subject to the Court's retention of continuing jurisdiction as set forth in this Judgment, provided that such dismissal shall not affect or impair the obligations of the Parties under the Stipulation.

12. Notwithstanding the dismissal of the Action, this Court retains continuing jurisdiction over this action, Plaintiff, Seiko, all Class Members and the Claims Administrator to determine all matters relating in any way to this Judgment, the Preliminary Approval Order, or the Stipulation, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution to the Class Members; and (b) all Parties for the purpose of enforcing and administering the Stipulation.

14. The Clerk of the Court is hereby ordered to enter this Judgment forthwith.

The Judgment is hereby entered on this __14__ day of __January__, 2011.

DATED: __1/14/11__

_____
THE HONORABLE ELAINE E. BUCKLO
UNITED STATES DISTRICT JUDGE

NY 72927340v1